UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cr-20003-SLD |
| ERNESTO VASQUEZ, | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Ernesto Vasquez's Motion to Reconsider Order Denying Amended Motion for Compassionate Release, ECF No. 62, and Motion for Leave to File Under Seal, ECF No. 63.  For the reasons that follow, the motion to reconsider is DENIED, and the motion for leave to file under seal is GRANTED.

**BACKGROUND**

Defendant was sentenced to a total of 144 months of imprisonment for conspiracy to distribute controlled substances with intent to distribute and possession of a firearm by a prohibited person.  *See* Judgment 1–2, ECF No. 41.  He is currently serving his sentence at Federal Correctional Institute ("FCI") Terre Haute in Terre Haute, Indiana and is scheduled to be released February 19, 2027.  *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Ernesto Vasquez and click on register # 21911-026) (last visited Apr. 15, 2021).  In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion asking to be released from prison.  Mot. Compassionate Release, ECF No. 57.  The Court appointed counsel to represent Defendant.  *See* Sept. 4, 2020 Text Order.  An amended motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) was filed by counsel on

September 30, 2020.  Am. Mot. Compassionate Release, ECF No. 60.  The United States opposed Defendant's request for compassionate release.  Resp., ECF No. 61.

On December 8, 2020, the Court denied Defendant's request for compassionate release after finding he had not established that he met § 3582(c)(1)(A)'s exhaustion requirement.  Dec. 8, 2020 Text Order.  That same day, Defendant filed a motion to reconsider, arguing that he did exhaust his administrative remedies and providing documentation that he made a request for compassionate release to the warden of FCI Terre Haute which was denied on April 9, 2020.  Mot. Reconsider 2; Warden Denial, Mot. Reconsider Ex. A, ECF No. 62 at 4.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  "The defendant has the burden to show he is entitled to a sentence reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

II.   Analysis

    a. Exhaustion

Defendant has now provided evidence that he submitted an administrative request for compassionate release to the warden of his facility which was denied on April 9, 2020. *See* Warden Denial. He did not file his pro se motion for compassionate release until September 2020, so he clearly waited at least thirty days from the date the warden received the request before filing his motion with the Court. As such, he has met the exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), and the Court proceeds to the merits of his request for compassionate release.

    b. Merits

Defendant argues that "the COVID-19 pandemic *can* constitute an extraordinary and compelling reason for release," Am. Mot. Compassionate Release 2, and that he is at risk for "serious illness or even death if he contracts the virus" because of his sleep apnea and cirrhosis of the liver, *id.* at 5. The United States argues that the Court should deny Defendant's request for compassionate release because "the fear of contracting a disease is not an extraordinary and compelling reason warranting a sentence reduction" and "the Section 3553(a) factors do not warrant a sentence reduction." Resp. 1 (quotation marks omitted).

To the extent Defendant claims that the COVID-19 pandemic alone constitutes an extraordinary and compelling reason for release, *see* Am. Mot. Compassionate Release 2, that argument is denied for the reasons stated in *United States v. Hedeen*, No. 4:16-cr-40051-SLD (C.D. Ill. July 14, 2020), and *United States v. Williams*, No. 2:12-cr-20011-SLD (C.D. Ill. July 13, 2020). The Court has, however, previously found that a defendant establishes an extraordinary and compelling reason for release if he suffers from an underlying condition that

puts him at risk for serious illness or death should he contract COVID-19.  *See, e.g.*, *United States v. Smith*, No. 2:17-cr-20056-SLD-EIL, 2021 WL 262553, at *2 (C.D. Ill. Jan. 26, 2021) (noting that this conclusion "is consistent with the Sentencing Commission's 'working definition' of extraordinary and compelling reasons" (quoting *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020))).  And here, Defendant has a condition—cirrhosis—that the Centers for Disease Control and Prevention ("CDC") state "can make [one] more likely to get severely ill from COVID-19."  People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021).[1]  Defendant has therefore established an extraordinary and compelling reason for release.[2]

The Court's decision, then, comes down to the § 3553(a) factors.  *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns.").  The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

---

[1] At the time the United States filed its response, the CDC guidelines suggested that cirrhosis "'might' place someone at greater risk" for severe illness from COVID-19.  Resp. 12 (quoting People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 6, 2020)).  The United States suggested the Court should distinguish between conditions the CDC state might increase an individual's risk for severe illness from COVID-19 and conditions the CDC state do increase an individual's risk.  *See id.*  Because the CDC appear to no longer make this distinction—instead, they primarily state that all listed health conditions can make an individual more likely to get severely ill from COVID-19, the exception being for high blood pressure which they state possibly can make an individual more likely to get severely ill, People with Certain Medical Conditions, *supra* (last updated Mar. 29, 2021)—the Court will not either.
[2] Because Defendant has at least one condition the CDC recognize makes him more vulnerable to severe illness from COVID-19, the Court need not address his argument that sleep apnea also makes him more vulnerable to severe illness.

for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Here, these factors weigh against granting Defendant release. Defendant possessed and distributed over a kilogram of methamphetamine in the Danville, Illinois area. *See* Revised Presentence Investigation Report ("PSR") ¶¶ 13, 18–22, 24, 27, ECF No. 35. He also unlawfully possessed multiple firearms as part of the offense conduct. *Id.* ¶ 25. Defendant's Sentencing Guidelines range was 151 to 188 months of imprisonment for the drug offense.[3] *Id.* ¶ 77. The Court sentenced him to 144 months of imprisonment because he had a limited criminal history, *see id.* ¶ 47 (noting that Defendant had one prior conviction for driving under the influence of alcohol), and an adequate employment history, *see id.* ¶ 69 (noting that Defendant "has remodeled homes, mowed yards, cut trees and done mechanical work during remodels" and "has gained skills in forklift driving, roofing, siding, and windows").

Defendant has served less than half of this sentence. *See id.* at 1 (noting that Defendant has been detained since approximately December 2016). He is not scheduled to be released for another approximately six years. *See* Find an inmate, *supra*. To reduce Defendant's sentence by more than half would deprecate the seriousness of the offense and undermine the need to provide for adequate deterrence and promote respect for the law. The Court would still deny Defendant's request for compassionate release after considering the merits, so it will not reconsider its December 8, 2020 Text Order.

---

[3] The statutory maximum term of imprisonment on the firearms offense was 120 months, so that was also the Guidelines range for that offense. PSR ¶ 77.

## CONCLUSION

Accordingly, Defendant Ernesto Vasquez's Motion to Reconsider Order Denying Amended Motion for Compassionate Release, ECF No. 62, is DENIED.  His Motion for Leave to File Under Seal, ECF No. 63, is GRANTED because his medical records should be sealed.

Entered this 15th day of April, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
